ON APPLICATION FOR REHEARING
On original deliverance, this Court stated:
*1380 “This Court, upon original consideration, was of the view that the petitioners were requesting this Court to order the trial judge to require answers to all those interrogatories and requests for production of documents to which no objection had been made. This Court considered the petitioners’ original request for mandamus as one requesting this Court to order the trial judge to state why he granted the protective order as to all of the interrogatories when objection had only been made to interrogatories numbered 13 through 20. It is apparent from the words used in the order of December 27, 1982, that the petition was so construed by this Court.”
The thrust of the original opinion is that this Court may have misinterpreted petitioners’ original request for mandamus, but the burden is on a petitioner to show clearly his right to relief, and the only relief this Court initially thought petitioners were requesting was to require the trial judge to dissolve the protective order as to interrogatories 1-12 and 21. We required the respondents to answer and state why the protective order was issued except as to interrogatories 13-20, to which an objection was filed. The respondents answered and stated that interrogatories 1-12 and 21 had been answered. Petitioners still contend that they were not adequately answered. They especially contend that these interrogatories called for the production of certain documents and that these documents have not been produced. If that is true, the forum for resolution of the question of whether or not interrogatories 1-12 and 21 were adequately answered is the trial court. If respondents failed to answer interrogatories to which no legal objection was made, the petitioners are entitled to an answer to those. Our opinion on original deliverance should not have been construed otherwise. Furthermore, our opinion on original deliverance does not foreclose petitioners’ application again to the trial court to seek production and discovery regarding interrogatories 1-12 and 21, to which no objection was made and which petitioners claim were never fully answered.
The trial judge should be able to resolve any question regarding any interrogatory to which no objection was made.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.